**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| LUVY GUTIERREZ, | ) | No. 82540-2-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| ANGEL GUTIERREZ, | ) | |
| | ) | |
| Appellant. | ) | UNPUBLISHED OPINION |
| | ) | |

MANN, C.J. — Angel Gutierrez[1] appeals the trial court's civil antiharassment protection order against him in favor of Luvy Gutierrez. Angel argues that the trial court improperly restrained him from access to the community property home because the civil antiharassment statute, RCW 10.14.080(9), requires that orders prohibiting the use or enjoyment of real property that the respondent has a cognizable claim must be entered under chapter 26.09 RCW. Because the antiharassment order has expired, this matter is moot. We dismiss Angel's appeal as moot.

---

[1] For clarity, this opinion will refer to Angel Gutierrez and Luvy Gutierrez by their first names. We intend no disrespect.

## FACTS

At the time of this appeal, Luvy and Angel were a married couple with three children. The two have been separated for over a year and were in the process of dissolving their marriage. Angel has not lived in the marital home for over a year. In the process of negotiating the terms of the dissolution, Luvy and Angel e-mailed and texted frequently. The conversation often included insults from both parties. In addition to the verbal harassment, Angel appeared uninvited to the marital home on several occasions.

On May 3, 2019, Luvy filed a petition for a civil antiharassment protection order against Angel under RCW 10.14.080. After a hearing, on May 23, 2019, a court commissioner entered an antiharassment order restraining Angel from contact or surveilling Luvy and restraining him from entering or being within 500 feet of the home. The protection order expired on May 23, 2020.

Angel appeals.

## ANALYSIS

We dismiss an appeal where only moot or abstract questions remain, or where the issues raised at trial no longer exist. In re Det. of M.K., 168 Wn. App. 621, 625, 279 P.3d 897 (2012). A case is moot if there is no longer a controversy between the parties, if the question is merely academic, or if a substantial question no longer exists. Pentagram Corp. v. City of Seattle, 28 Wn. App. 219, 223, 622 P.2d 892 (1981). However, the court may consider an otherwise moot case if it involves an issue of continuing and substantial public interest. Thomas v. Lehman, 138 Wn. App. 618, 622, 158 P.3d 86 (2007). To decide if a case involves substantial public interest, the court considers: (1) the public or private nature of the question presented, (2) the desirability

of an authoritative determination to provide future guidance to public officers, and (3) the likelihood that the question will recur.  <u>Thomas</u>, 138 Wn. App. at 622.

Here, the case is moot because the order expired over a year ago on May 23, 2020.  Additionally, there exists no continuing and substantial public interest because the issue is private in nature and the Washington courts have previously decided the same legal question underlying the claim.  <u>See</u> <u>Price v. Price</u>, 174 Wn. App. 894, 903-04, 301 P.3d 486 (2013) (error to restrain access to jointly owned property under RCW 10.14.080(8) instead of chapter 26.09 RCW).  Therefore, because the issue is moot and harbors no public interest, we decline to decide the merits of the claim.  We dismiss Angel's appeal as moot.

_Mann, C.J._

WE CONCUR:

_Chun, J._                    _Dwyer, J._